IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL ANDREWS, ) | |
| ) | |
| Plaintiff, ) | 8:11CV279 |
| ) | |
| v. ) | |
| ) | |
| STATE OF NEBRASKA, et al., ) | MEMORANDUM AND ORDER |
| ) | |
| Defendants. ) | |

Plaintiff filed his complaint in this matter on August 15, 2011 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 8). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against the State of Nebraska, the City of Omaha Police Department, Douglas County, the Douglas County Department of Corrections, and two law enforcement officers (Filing No. 1 at CM/ECF p. 1). Plaintiff alleges that defendant Fickell, a law enforcement officer with the Omaha Police Department, arrested and questioned him without administering Plaintiff's *Miranda* rights. (*Id.* at CM/ECF pp. 3-4.) Fickell then transported plaintiff to the Douglas County Department of Corrections where Fickell and defendant Hanzek, also a law enforcement officer with the Omaha Police Department,

physically assaulted Plaintiff.  (*Id.* at CM/ECF p. 4.) Thereafter, Hanzek sexually assaulted plaintiff while conducting a pat-down search of his person.  (*Id.* at CM/ECF pp. 4-5.)

In his complaint, plaintiff does not specify whether Fickell and Hanzek are sued in their individual or official capacities.  Further, plaintiff does not set forth what relief he seeks in this matter.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of

-2-

whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state. See *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. See *Dover Elevator Co.*, 64 F.3d at 447; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Here, it is unclear what relief plaintiff seeks. However, to the extent plaintiff seeks monetary relief against the State of Nebraska, he is barred from doing so absent a waiver of immunity by the state or an override of immunity by Congress. The record before the Court does not show that Nebraska waived, or Congress overrode, sovereign immunity in this matter.

Accordingly, to the extent plaintiff asserts claims for monetary damages against the State of Nebraska, those claims will be dismissed.

**B.    Claims Against Fickell and Hanzek**

Plaintiff names Omaha Police Department Officers Fickell and Hanzek as defendants (Filing No. 1 at CM/ECF p. 1). Regarding these defendants, the Court notes that, where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

Id. (internal citations omitted). These rules have been consistently applied to municipal defendants. See, e.g., Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); Johnson, 172 F.3d at

-4-

535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson, 172 F.3d at 535. Here, plaintiff did not specify the capacity in which Fickell and Hanzek are sued (Filing No. 1). Therefore, as set forth above, the Court assumes that they are sued in their official capacities only. The claims against Fickell and Hanzek in their official capacities only are actually claims against their employer, the City of Omaha.

**C.  Claims Against the City of Omaha and Douglas County**

A city or a county may only be liable under Section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. Doe By and Through Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County, 901 F.2d 642, 645 (8th Cir.1990) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

-5-

>   1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
>   2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
>   3)  That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by City of Omaha employees or Douglas County employees, or that City of Omaha or Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Omaha or Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

On its own motion, the Court will permit plaintiff 30 days in which to amend his complaint to sufficiently allege a

-6-

claim against the City of Omaha and Douglas County in accordance with the *Jane Doe* standard.  Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If plaintiff fails to file an amended complaint in accordance with this memorandum and order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.  In addition, as set forth above, plaintiff failed to set forth what relief he seeks in this matter.  Plaintiff's amended complaint must also set forth a "a demand for the relief sought," as required by Federal Rule of Civil Procedure 8(a).

IT IS ORDERED:

1)   Plaintiff shall have 30 days to amend his complaint to set forth a short and plain statement of his demand for relief, and also to clearly state a claim upon which relief may be granted against the City of Omaha and Douglas County, in accordance with this memorandum and order.  If plaintiff fails to file an amended complaint, plaintiff's complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2)   In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations.  Failure to

consolidate all claims into one document may result in the abandonment of claims.

       3)    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 21, 2011,** and dismiss if none filed.

       4)    Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice**.

       5)    To the extent plaintiff asserts claims for monetary damages against the State of Nebraska, those claims are dismissed.

       6)    The Court reserves the right to conduct further review of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after plaintiff addresses the matters set forth in this memorandum and order.

       DATED this 24th day of October, 2011.

                    BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.