IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV279 |
| | ) | |
| v. | ) | |
| | ) | |
| FICKELL, Officer, et al., and | ) | MEMORANDUM AND ORDER |
| HANZEK, Officer, City of | ) | |
| Omaha Police Department, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on its own motion. Plaintiff filed his Amended Complaint in this matter on November 18, 2011, against Robert Fickel ("Fickel") and David Hanzek ("Hanzek") (Filing No. 10). In plaintiff's Amended Complaint, he alleges, among other things, that Fickel and Hanzek are law enforcement officers with the Omaha Police Department who, following Plaintiff's arrest, strangled him and hit him in the face with their fists and foreign objects (Filing No. 10 at CM/ECF p. 5).

Defendants have filed a Motion for Summary Judgment, a Brief in support of Motion, and an Index of Evidence in support of Motion (Filing Nos. 33, 34, and 35). In their brief, they set forth a statement of material facts that they argue entitles them to judgment as a matter of law. *See* NECivR 56.1(a)(1) (stating the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts

about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law").

Plaintiff filed two briefs in response to defendants' Motion for Summary Judgment (Filing Nos. 36 and 37). In these briefs, plaintiff refers to evidence he possesses that contradicts defendants' statement of material facts, including "surveillance footage" and an "authentic 'document' from the internal affairs of the Omaha Police Department." (Filing No. 36 at CM/ECF p. 2.) However, plaintiff failed to file this evidence with the Court, and it is unclear whether this omission was intentional. Therefore, in order to ensure the just resolution of this case, the Court will provide plaintiff with an opportunity to supplement the record. *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact . . . [or] issue any other appropriate order.")

IT IS ORDERED:

1. Plaintiff has 30 days to supplement the record with (1) the "surveillance footage" and (2) the "authentic 'document' from the internal affairs of the Omaha Police

Department." Plaintiff must submit an affidavit authenticating both items.

    2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: April 29, 2013: deadline to file supplement.

    DATED this 29th day of March, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.