IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV279 |
| | ) | |
| v. | ) | |
| | ) | |
| FICKELL, Officer, et al., and | ) | MEMORANDUM OPINION |
| HANZEK, Officer, City of | ) | |
| Omaha Police Department, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on defendants' Motion for Summary Judgment (Filing No. 33). For the reasons discussed below, the Court finds that defendants are entitled to summary judgment.

## I.   BACKGROUND

Plaintiff filed his complaint in this matter on August 15, 2011, against the State of Nebraska, the City of Omaha Police Department, Douglas County, the Douglas County Department of Corrections, Robert Fickel ("Officer Fickel"), and David Hanzek ("Officer Hanzek").[1]  (Filing No. 1.)  Plaintiff filed an Amended Complaint on November 18, 2011, in which he named additional

---

[1] Officers Fickel and Hanzek are referred to in the Complaint as "City of Omaha Police Department Officer Fickell" and "City of Omaha Police Department Officer Hanzek."  (See Filing No. 10 at CM/ECF p. 1.)  Defendants' filings reflect that these Defendants are actually Robert Fickel and David Hanzek.  The Court will direct the clerk's office to update its records to reflect defendants' actual names.

parties (Filing No. 10).  Plaintiff's Amended Complaint is the operative complaint in this matter; however, only plaintiff's claims against Officers Fickel and Hanzek in their individual capacities are viable because all other claims against all other parties were dismissed on initial review (*See* Filing No. 9 at CM/ECF p. 4 (dismissing plaintiff's claims against the State of Nebraska) and Filing No. 13 (dismissing plaintiff's claims against the City of Omaha, the City of Omaha Police Department, Douglas County, Douglas County Corrections, Douglas County Sheriff, and Fickel and Hanzek in their official capacities)).

On October 10, 2012, defendants filed a Motion for Summary Judgment and a Brief and Index of Evidence in support of their Motion (Filing Nos. 33, 34, and 35).  In response, plaintiff filed a "Motion to Deny Summary Judgment" and a Brief (Filing Nos. 36 and 37).

## II. DEFENDANTS' UNDISPUTED MATERIAL FACTS

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law."  NECivR 56.1(a)(1).  If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts."  NECivR 56.1(b)(1).  Such response must "address

each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies." *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*

Defendants submitted a statement of material facts in accordance with the Court's Local Rules. Further, defendants submitted evidence that was properly authenticated by affidavit. Plaintiff filed a response to defendants' Motion for Summary Judgment, but the response did not include anything that could be construed as a "concise response" to defendants' statement of materials facts. (*See* Filing Nos. 36 and 37.) The Court deems this matter fully submitted, and adopts the following undisputed material facts, as set forth by defendants in their Brief:

> 1. On May 5, 2011, at approximately 8:55 a.m., Omaha Police Officer Robert Fickel was on routine patrol conducting speed enforcement at or near 24th and F Streets in Omaha, Nebraska, in a marked Omaha Police Department cruiser (Fickel affidavit ¶ 3).
>
> 2. At that time and location, Officer Fickel observed, and confirmed by radar, a vehicle heading [n]orthbound on 24th Street, later determined to be driven by Plaintiff, going approximately 60 mph in a 30 mph zone (Fickel affidavit ¶¶ 4-6).

3. Plaintiff was not the owner of the vehicle (Plaintiff's Amended Complaint, ¶ 8, page 5).

4. Officer Fickel activated his overhead lights to initiate a traffic stop for the speeding violation (Fickel affidavit ¶ 7).

5. Although Plaintiff slowed down to approximately 30 mph, he did not immediately pull over (Fickel affidavit ¶ 8).

6. Plaintiff kept making hand gestures out [of] the window as if he didn't know where to pull over (Fickel affidavit ¶ 8).

7. Near 24th Street and Interstate 80, Plaintiff stopped briefly, but then drove off at a slow rate (Fickel affidavit ¶ 9).

8. At 24th and Vinton [Streets], plaintiff turned left, which the driver did not signal[.] [The intersection at 24th and Vinton Streets] is also posted as a no left turn from 7-9 a.m. (Fickel affidavit ¶ 10).

9. The car then turned into the No Frills Grocery Store [p]arking lot and ultimately stopped there (Fickel affidavit ¶ 11).

10. After plaintiff finally stopped, Officer Fickel approached the car and asked for his driver's license and registration (Fickel affidavit ¶ 13).

11. Plaintiff immediately became belligerent; yelling and cursing at the officer (Fickel affidavit ¶ 12).

12. Plaintiff refused to give the officer his identification (Fickel affidavit ¶ 13).

13. At that point, Officer Fickel advised plaintiff he was under arrest and needed to get out of the vehicle (Plaintiff's Amended Complaint ¶ 7; Fickel affidavit ¶ 14).

14. Because plaintiff was being belligerent, Officer Fickel requested a cruiser with a cage and Officer Nicole Boltin was dispatched to the scene.[2] (Fickel affidavit ¶ 15).

15. Plaintiff got out of the car and was placed in handcuffs. Officer Fickel conducted a pat-down search of plaintiff before he was placed in Officer Boltin's police cruiser (Fickel affidavit ¶¶ 16 and 17; Clark affidavit ¶ 6).

16. Officer David Hanzek responded to a radio call to assist an officer and when he arrived at the scene, plaintiff was already in the back seat of Officer Boltin's cruiser (Hanzek affidavit ¶¶ 4 and 5).

17. Officer Hanzek observed plaintiff to be yelling and belligerent, so the Captain advised Hanzek and other officers to follow Officer Boltin to the Correctional Center to assist with the plaintiff when they got there (Hanzek affidavit ¶¶ 6-10; Clark affidavit ¶ 7).

---

[2] Officer Boltin explained in her affidavit that a "cruiser with a cage" refers to a police cruiser with a partition between the front and back seats (Filing No. 35-3 at CM/ECF p. 1).

18. Officer Boltin transported plaintiff to Douglas County Corrections (Boltin affidavit ¶ 7).

19. Once at Corrections, plaintiff was again uncooperative and belligerent (Fickel affidavit ¶ 18; Hanzek affidavit ¶ 11; Boltin affidavit ¶8; Clark affidavit ¶ 8).

20. He stood on the door frame of Officer Boltin's cruiser and screamed at Officer Fickel and appeared to be making an attempt to spit on him (Fickel affidavit ¶ 19; Hanzek affidavit ¶ 11; Boltin affidavit ¶8; Clark affidavit ¶ 8).

21. Officers Hanzek and Clark used some force to move plaintiff from the cruiser to the booking area inside the Correctional Center; however, no officer struck or kicked Plaintiff[.] (Fickel affidavit ¶¶ 20-21; Hanzek affidavit ¶¶ 12 and 13; Boltin affidavit ¶¶ 10 and 11; Clark affidavit ¶¶ 9 and 10).

22. No officer ever placed plaintiff in a head lock or "strangled" him (Fickel affidavit ¶ 22; Hanzek affidavit ¶ 14; Boltin affidavit ¶ 12; Clark affidavit ¶ 11).

23. Officer Hanzek did perform a brief pat down search and removed property from [plaintiff's] pants pockets before turning him over to Corrections (Fickel affidavit ¶ 23; Hanzek affidavit ¶ 15; Boltin affidavit ¶ 13; Clark affidavit ¶ 12).

24. The pat down search did require that Officer Hanzek r[u]n

-6-

>        his hand up both sides of
>        plaintiff's pant leg (Hanzek
>        affidavit ¶ 16).
>
>        25. Hanzek may have
>        inadvertently brushed plaintiff's
>        genitals but he did not "grab" them
>        or pull on them (Hanzek affidavit
>        ¶ 17).
>
>        26. Plaintiff did ask Officer
>        Hanzek if he was gay and Hanzek
>        advised he was just doing his job
>        (Hanzek affidavit ¶ 18).

(Filing No. 34 at CM/ECF pp. 2-5.)

### III. ANALYSIS

Plaintiff alleges that his constitutional rights were violated when (1) Fickel searched him at the scene of the traffic stop without his consent, (2) Hanzek and Fickel strangled and hit him in the face with their fists and other foreign objects until he lost consciousness, and (3) Hanzek "sexually assaulted" him during a pat-down search. (*See generally* Filing No. 10.) The Court will address each of plaintiff's allegations in turn, and set forth why defendants are entitled to summary judgment.

**A.   Summary Judgment Standard**

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). It is not the Court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249-51 (1986). In passing on a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997).

In order to withstand a motion for summary judgment, nonmoving parties must substantiate allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. In addition, in order to survive a motion for summary judgment under § 1983, a plaintiff must raise a genuine issue of material fact as to whether the alleged unlawful conduct by the state actor deprived him of a constitutionally protected right. *Nauke v. City of Parke Hills*, 284 F.3d 923, 927 (8th Cir. 2002).

**B.   Alleged Unlawful Search by Officer Fickel**

Plaintiff alleges that Officer Fickel conducted an unlawful pat-down search of him after pulling him over for traffic violations (Filing No. 10 at CM/ECF p. 5). Here, the

-8-

undisputed facts are that Officer Fickel observed plaintiff commit traffic violations and, during the traffic stop, plaintiff was belligerent and refused to produce his driver's license and registration (Filing No. 35-1 at CM/ECF pp. 1-2).

In Nebraska, "a peace officer may arrest a person without a warrant if the peace officer has reasonable grounds to believe that such a person has committed . . . a misdemeanor in the presence of the officer." Neb. Rev. Stat. § 29-404.02. Driving a vehicle without a proper driver's license is a misdemeanor in Nebraska. Neb. Rev. Stat. §§ 60-489 and 60-4,111.

In light of plaintiff's refusal or inability to produce a driver's license and registration, Officer Fickel had probable cause to arrest him. A search for contraband incident to arrest is lawful under the Fourth Amendment. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest."). Therefore, Officer Fickel's pat-down search of plaintiff, which was conducted incident to plaintiff's arrest, presents no constitutional violation.

   2.   **Excessive Force by Officers Fickel and Hanzek**

Plaintiff alleges in his Amended Complaint that, while at the Douglas County Correctional Center, Officers Fickel and Hanzek strangled him and hit him in the face with their fists and other foreign objects until he lost consciousness (Filing No. 10

at CM/ECF p. 5). Officers Fickel and Hanzek have sworn under penalty of perjury that they did not strike or strangle plaintiff (Filing No. 35-1 at CM/ECF p. 3; Filing No. 35-2 at CM/ECF p. 2). In addition, Officers Boltin and Clark, who were with plaintiff at the Correctional Center, declared under penalty of perjury that no officer struck or strangled plaintiff (Filing No. 35-3 at CM/ECF p. 2; Filing No. 35-4 at CM/ECF p. 2).

Plaintiff did not rebut these officers' declarations with his own sworn statement or any other evidence, even after the Court gave him an additional opportunity to do so (*See* Filing No. 39 (providing plaintiff with additional opportunity to supplement the record with properly authenticated evidence)).[3] It is apparent from the record that some force was used against plaintiff in order to get him into the Douglas County

---

[3] In response to the Court's Memorandum and Order (Filing No. 39), plaintiff submitted two items: a document purportedly from the Omaha Police Department's Internal Affairs Unit, and video footage from the parking garage of the Douglas County Correctional Center (Filing No. 41). However, these items were not accompanied by an authenticating affidavit. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence . . . Documents which do not meet those requirements cannot be considered." *Stuart v. General Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000). *See Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1006 (8th Cir. 2000) (unverified and unauthenticated letter was a "legal nullity."). The Court, therefore, does not consider the contents of the unauthenticated document or unauthenticated recording. Regardless, even if the Court were to consider these items, they do not controvert defendants' statement of material facts.

Correctional Center. That is, when plaintiff and the officers arrived at the Douglas County Correctional Center, plaintiff stood on the door frame of a police cruiser, yelled, and attempted to lunge at Officer Fickel (Filing No. 35-1 at CM/ECF p. 2; Filing No. 35-2 at CM/ECF p. 2; Filing No. 35-3 at CM/ECF p. 3; and Filing No. 35-4 at CM/ECF p. 2). Officer Clark pulled plaintiff down off of the car, and then he and Officer Hanzek grabbed him under the arms and carried him into the Douglas County Correctional Center (Filing No. 35-4 at CM/ECF p. 2). It is important to note, though, that plaintiff does not complain about this minimal use of force. Rather, he alleges that Officers Fickel and Hanzek beat and strangled him until he lost consciousness. However, plaintiff wholly failed to substantiate these very serious allegations with probative evidence, as is required at this stage of the proceedings. *See Moody*, 23 F.3d at 1412 ("In order to withstand [a] motion for summary judgment, [a plaintiff] must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy."). Moreover, Officers Fickel and Hanzek declared that they did not strangle or strike plaintiff. Accordingly, the Court finds that Officers Hanzek and Fickel are entitled to summary judgment on this issue

### 3. Pat-Down Search By Officer Hanzek

Plaintiff alleges in his Amended Complaint that Officer

-11-

Hanzek's pat-down search of him at the Douglas County Correctional Center was unreasonable and akin to a sexual assault. According to plaintiff, Hanzek "grabbed and pulled" on his genitals multiple times during the search (Filing No. 10 at CM/ECF p. 6). Officer Hanzek swore under penalty of perjury that he did not grab or pull on plaintiff's genitals (Filing No. 35-2 at CM/ECF p. 2). Rather, he may have "inadvertently brushed" plaintiff's genitals during the search. (*Id.*)

As with plaintiff's excessive-force claim, plaintiff did not rebut defendants' evidence with any admissible evidence, even after the Court gave him an additional opportunity to do so. Thus, the undisputed facts are that Officer Hanzek conducted a pat-down search of plaintiff prior to turning him over to corrections' staff, and he may have "brush[ed]" against plaintiff's genitals during the search. (*See* Filing No. 35-2 at CM/ECF p. 2.)

Whether a search is reasonable under the Fourth Amendment requires a balancing of the scope of the intrusion, the manner in which it is conducted, the justification for initiating the search, and the place in which it is conducted. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Also relevant to the Court's analysis on this issue is the Eighth Amendment's prohibition against the unnecessary and wanton infliction of pain against prisoners.

-12-

The Court finds that Hanzek's conduct does not rise to the level of unreasonableness required for a constitutional violation. The undisputed facts are that the search was conducted inside a secure area of the correctional facility, it was brief, and Hanzek did not grab plaintiff's genitals or touch plaintiff's genitals underneath his clothing. Moreover, multiple courts have held that even a single alleged instance of fondling during the course of a pat-down search does not rise to the level of an Eighth Amendment violation. *See*, *e.g.*, *Tuttle v. Carroll Cnty. Detention Ctr.*, No. 10-5693, 2012 WL 4215747, at *1 (6th Cir. Sept. 21, 2012) (affirming the district court's conclusion that a pretrial detainee failed to state a claim of constitutional dimension based on allegations that a police officer "grabbed [the plaintiff's] privates and squeezed them really hard" while conducting a pat-down search during booking); *Davis v. Castleberry*, 364 F.Supp.2d 319, 321-22 (W.D.N.Y.2005) (finding allegation that an officer grabbed the plaintiff inmate's penis during routine pat-down was insufficient to state constitutional claim, and noting that a legitimate pat-down may require touching an inmate's genital area for the search to be effective); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *9-11 (S.D.N.Y. Aug. 25, 1997) (finding no Eighth Amendment claim where an inmate alleged that his testicles were fondled by officer as part of a routine pat-down when exiting the mess

hall).  For these reasons, the Court finds that Officer Hanzek is entitled to summary judgment on this issue.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of May, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.